IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK W. LESTER, JR. and PATRICIA G. LESTER, § § | | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-0982 |
| BRYAN TOWNE CENTER PARTNERS, L.P., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Reconsideration [Doc. # 32] ("Plaintiffs' Motion") filed by Plaintiffs Jack W. Lester, Jr. and Patricia G. Lester. Defendant Bryan Towne Center Partners, L.P. ("BTCP") has filed a Response [Doc. # 35].[1] Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Plaintiffs' Motion should be **denied**.

Plaintiffs request that the Court reconsider its Memorandum and Order [Doc. # 31] denying Plaintiffs' request for leave to amend their Original Petition to add Bryan Towne Center Associates, LLC ("BTCA") as an additional defendant and to

---

[1] Plaintiffs have replied [Doc. # 36], and BTCP has filed a sur-reply [Doc. # 37].

amend the allegations in support of their complaint.  Plaintiffs concede that they are unable to establish good cause for their failure to amend at an earlier date.[2]  BTCP responds that it would be prejudiced by permitting such an amendment and that the proposed amendment would unduly complicate the case.

Plaintiffs seek to add BTCA, a general partner of the limited partnership BTCP, as an additional defendant.[3]  Plaintiffs assert that BTCA is a necessary party to the suit and, therefore, that Plaintiffs should be granted leave to amend.  Plaintiffs have not directed the Court to any supporting authority.  In fact, Texas law does not require a third party to sue a partner in the same suit as the partnership.  TEX. REV. CIV. STAT. art. 6132b-3.05(b) ("An action may be brought against a partnership and any or all of the partners in the same action or in separate actions."); *see McNamara v. Insland Env'ts, Ltd.*, 2008 WL 5096510, at *3 (Tex.App.—Beaumont 2008, no pet. h.).

The addition of BTCA as a defendant at this point in the proceedings would necessitate additional discovery and the extension of the Docket Control Order and

---

[2] Plaintiffs' Motion [Doc. # 32], at 2. *See Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) ("Rule 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired: 'Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003))).

[3] Contrary to Plaintiffs' assertion, BTCP is a limited *partnership*, not a limited *partner.*  A limited partnership can be sued and held liable for its debts and obligations. *See, e.g.*, *Kao Holdings, L.P. v. Young*, 261 S.W.3d 60 (Tex. 2008).

deadlines. The Court exercises its discretion to decline to revise the schedule and extend discovery, particularly where Plaintiffs provide no viable reason for this belated request. Accordingly, Plaintiffs' Motion is denied with respect to the addition of BTCA as an additional defendant.

Plaintiffs also seek to amend their Original Petition[4] to amend the allegations in support of their claims. Plaintiffs contend that they "merely provide additional specificity to Plaintiffs' damages claims in this case."[5] BTCP responds that the proposed amendment "goes beyond simply specifying the nature of the damages incurred," adds entirely new factual allegations supporting a claim for breach of contract, and brings into question a new theory of damages separate from any alleged loss attendant to the removal of trees and shrubbery.[6]

The Court concludes that the proposed amended allegations would expand the scope Plaintiffs' breach of contract claim beyond what was pled in Plaintiffs' Original Petition.[7] While Plaintiffs' Original Petition was sufficient to put BTCP on notice that

---

[4] Plaintiffs' Original Petition, Exh. A.II to Defendant's Notice of Removal [Doc. # 1].

[5] Plaintiffs' Reply [Doc. # 36], at 2.

[6] BTCP's Sur-Reply [Doc. # 37], at 2.

[7] Under Federal Rule of Civil Procedure 8(a)(2), Plaintiffs are only required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This short and plain statement of the claim must "give the defendant fair notice what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

Plaintiffs sought damages recoverable from the alleged breach of the Agreement, this notice was limited by the Original Petition's "Fact" section which sets forth the basis for Plaintiffs' breach of contract claim. Plaintiffs pled that "[BTCP] breached the Agreement by failing to provide the required written notice and to afford Plaintiffs the opportunity to inspect and approve the trees identified for removal."[8] Plaintiffs also pled that Defendant "completely destroyed or severely damaged trees, including trees having a diameter in excess of ten (10) inches."[9] Plaintiffs' Original Petition does not make any reference or allude to Defendant's failure to properly utilize burn pits on the property. From the record before the Court, there is no indication that Plaintiffs' Original Petition or—for that matter—Plaintiffs' initial disclosures or other discovery put BTCP fairly on notice that the breach of contract claim was in any way based upon the failure to properly utilize burn pits on the property.

Accordingly, Plaintiffs' Motion is denied with respect to the addition of paragraphs 9 and 10 in Plaintiffs' proposed First Amended Complaint. However, to the extent that this theory of damages was explicitly disclosed during discovery in

---

(1957)).

[8] Plaintiffs' Original Petition, Exh. A.II to Defendant's Notice of Removal [Doc. # 1], at 2–3.

[9] *Id.* at 3.

Plaintiffs' initial disclosures or responses to BTCP's discovery requests, the Court will reconsider its denial to permit the burn pit theory to proceed.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 32] is **DENIED** except to the extent that Plaintiffs' theory that Defendant's failure to properly utilize burn pits has been previously explicitly disclosed through Plaintiffs' initial disclosures or discovery.

SIGNED at Houston, Texas, this **29th** day of **January, 2009**.

_____
Nancy F. Atlas
United States District Judge